■ Marco Varela, Respondent, v Patrick J. Lynch, Individually and as President of the Patrolmen's Benevolent Association, et al., Appellants. [802 NYS2d 400]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered September 1, 2004, awarding plaintiff $39,596, plus interest, costs and disbursements, and bringing up for review an order, same court and Justice, entered July 9, 2004, which, inter alia, granted plaintiff's cross motion to confirm the report of the Special Referee, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Damages were assessed pursuant to a prior order, affirmed by this Court, finding that defendant Lynch, the President of defendant Patrolmen's Benevolent Association (PBA), wrongfully expelled plaintiff from his position as a PBA trustee, and directing plaintiff's reinstatement "with an award of back pay and other economic damages" (304 AD2d 398 [2003], lv dismissed 1 NY3d 566 [2003]). The amount awarded represents the sum of the so-called "constitutionals" that plaintiff was not paid during the period of his wrongful expulsion. Ample evidence supports the finding that the constitutionals that the PBA pays its trustees are in the nature of salary (see Black's Law Dictionary 1364 [8th ed 2004]), paid annually in monthly installments to all trustees in equal amounts fixed at 50% of the base salary of a first-grade patrolman, and, unlike a much smaller biweekly payment that plaintiff was not awarded, not in any manner dependent upon documentary proof of actual expenses incurred. Given this evidence, and the prior order, it does not avail the PBA that its constitution provides that constitutionals are for expenses incurred in maintaining office. Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.